### LEWIS P. BARTLETT vs. LEWIS P. BARTLETT, JR., trustee, & others.

Middlesex.    Jan. 24. — April 8, 1884.    DEVENS & C. ALLEN, JJ., absent.

If a husband executes to a third person a mortgage of land, "in trust" for his wife, securing a promissory note, signed by the husband, payable to such person, "at my decease, in trust for my wife," the consideration of the mortgage being the transfer to the husband of real and personal property inherited by the wife from her father, the note and mortgage are personal property held on a simple trust for her, and, upon the death of the wife, intestate, before her husband, who is appointed the administrator of her estate, he is entitled to the note and mortgage to be disposed of for the payment of her debts, or under the statute of distributions; and, on a bill in equity by the husband against the trustee and the children of the wife, to remove a cloud upon the plaintiff's title to the land, the trustee should assign all his interest in the same to him.

BILL IN EQUITY to remove a cloud upon the title to a parcel of land in Arlington.   Hearing before *Devens*, J., who reported for the determination of the full court the following case :

The alleged cloud was a mortgage upon said land, given by the plaintiff to one Lorenzo Locke "in trust for Maria R. Bartlett," the plaintiff's wife, dated October 2, 1858, recorded and undischarged of record, and securing a promissory note for $5600, signed by the plaintiff, payable to Locke "at my decease, in trust for Maria R. Bartlett, my wife."

This mortgage was given in substitution for, and for the same consideration as, an earlier mortgage upon the same premises, between the same parties, of the same amount and tenor, dated May 1, 1857, and recorded and discharged by the mortgagee at the date of the subsequent mortgage, without any consideration other than such substituted mortgage.

The consideration of the earlier mortgage was a transfer to the plaintiff of real and personal property, inherited by his wife from her father, who died intestate in 1856, and owned by her at the time of such transfer.   The transfer was made to the plaintiff through said Locke, who was a brother of the plaintiff's wife, on or before May 1, 1857.   The real estate so transferred to the plaintiff was not the real estate subsequently mortgaged by him, which was then owned by the plaintiff in his own right. The real estate so transferred from the plaintiff's wife was

valued at $1966.50, and the balance of the consideration of said mortgage was personal property, inherited by her as aforesaid, the total consideration being $5600.

The plaintiff's wife died on November 8, 1873, intestate, leaving a husband, the plaintiff, and, as her only next of kin, the defendants Lewis P. Bartlett, Jr., and Fanny R. Cushman, children of herself and of the plaintiff, both of full age, and living on May 1, 1857. The note and mortgage were kept by her in her possession, after being recorded, until her death.

On April 25, 1882, the plaintiff was duly appointed administrator of the estate of his said wife.

Locke died on November 27, 1881, and on May 9, 1882, the defendant Bartlett was duly appointed by the Probate Court trustee under the mortgage first above named, in the place of Locke, and gave bond to the satisfaction of the court.

The plaintiff thereupon requested the defendant Bartlett to discharge said mortgage, or else assign the same to the plaintiff as administrator of his wife's estate, offering to pay all necessary expenses attendant thereon; but the defendant refused so to do.

On January 2, 1882, one Henry J. Locke was duly appointed administrator of the estate of Lorenzo Locke, deceased, intestate, and, by consent of parties, was made a party defendant to this bill.

The plaintiff contended that, if said mortgage and note were not void, under the laws in force when the consideration was received, the trust created thereby, and all beneficial interest therein, had become vested in him, either as administrator of his said wife's estate, or as her sole distributee under the statute of distributions in force when she died.

The defendants contended that the time for the payment of the note and mortgage would not arrive until the plaintiff's death; that the mortgage could not be discharged until that time, and then the personal representatives of the plaintiff's wife would be entitled thereto; and that the trust in favor of the estate of the plaintiff's wife would not arise until the plaintiff's death.

*W. B. Durant,* for the plaintiff.

*J. W. Hammond & J. H. Hardy,* for the defendants.

COLBURN, J. The note and mortgage are personal estate; *Sturtevant* v. *Jaques*, 14 Allen, 523, 527; and were held by Lorenzo Locke upon a simple trust for Maria R. Bartlett, now deceased, late the wife of the plaintiff. If we consider that the note and mortgage were held in trust for the sole and separate use of Mrs. Bartlett, it is taking the most favorable view for the defendants. The obvious purpose of the parties was that the trust should continue during coverture, and should secure to Mrs. Bartlett the payment of the mortgage debt in case she survived her husband. Mrs. Bartlett and her husband had a right to dispose of the real and personal estate which she inherited from her father in 1856, as they saw fit; no one else had any interest in it; and it is unnecessary now to determine what their relative rights in it were, or what the rights of either of them were to the note and mortgage during coverture, as no question appears to have been raised by either of them. Upon the death of Mrs. Bartlett, intestate, the purpose of the trust had been accomplished, and her husband was entitled to the whole of her "personal estate, or any right or interest therein," subject to the payment of her debts and to the charges of her funeral and of settling her estate. Gen. Sts. c. 94, § 16. He was entitled to her equitable personal estate in the same manner as her legal personal estate, and was entitled to administration, if necessary to reach it. 2 Perry on Trusts, § 668, and cases cited. The facts that the note and mortgage were given by the husband, and that the debt was not payable until his death, do not affect their passing under the statute of distributions, like other personal estate, to him. The plaintiff, having been appointed administrator of his wife's estate, is entitled to the note and mortgage, to be disposed of for the payment of her debts, if there are any, or under the statute of distributions. It is not necessary to consider whether there was any occasion for the appointment of the defendant Bartlett as trustee, under the Pub. Sts. c. 141, § 5, as successor of Locke, who had survived Mrs. Bartlett. He has been appointed, and claims the note and mortgage, as against the plaintiff; and his appointment by the Probate Court and claim are adverse to the title which the plaintiff has a right to hold, and he should assign all his interest as trustee in the note and mortgage to the plaintiff, as administrator of the estate

of his wife. It does not distinctly appear, but we infer from the fact that the note and mortgage were kept by Mrs. Bartlett in her possession until her death, that they are now in the possession of the plaintiff.                *Decree accordingly.*